DAVID M. LOUIE          2162
Attorney General,
State of Hawai'i

HEIDI M. RIAN           3473
JILL T. NAGAMINE        3513
REBECCA E. QUINN        8663
Deputy Attorneys General
465 South King Street, Room 200
Honolulu, Hawaii 96813
Telephone: (808) 587-3050
Facsimile: (808) 587-3077

Attorneys for Loretta Fuddy
Director of Health, State of Hawaii

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ORLY TAITZ,<br><br>          Plaintiff,<br><br>     vs.<br><br>MICHAEL ASTRUE,<br>Commissioner of the Social Security Administration,<br><br>          Defendant. | CIVIL NO. 1:11-cv-00519-SOM-RLP<br><br>LORETTA FUDDY, DIRECTOR OF HEALTH, STATE OF HAWAII'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S EMERGENCY EX-PARTE MOTION FOR EMERGENCY ORDER TO SHOW CAUSE AND TO COMPEL ATTENDANCE FOR PRODUCTION OF DOCUMENTS AND FOR ATTORNEY'S FEES AND COSTS FILED ON AUGUST 8, 2011; DECLARATION OF JILL NAGAMINE; DECLARATION OF KEITH YAMAMOTO; EXHIBITS "A"-"C"; CERTIFICATE OF SERVICE<br><br>HEARING<br>DATE:     September 14, 2011<br>TIME:     9:00 a.m.<br>JUDGE:    Honorable Richard L.<br>          Puglisi |

**LORETTA FUDDY, DIRECTOR OF HEALTH,
STATE OF HAWAII'S MEMORANDUM IN OPPOSITION TO
PLAINTIFF'S EMERGENCY EX-PARTE MOTION FOR EMERGENCY
ORDER TO SHOW CAUSE AND TO COMPEL ATTENDANCE FOR
PRODUCTION OF DOCUMENTS AND FOR
ATTORNEY'S FEES AND COSTS**

Loretta Fuddy, Director of Health, State of Hawai'i by and through her attorneys, David M. Louie, Attorney General, and Heidi M. Rian, Jill T. Nagamine, and Rebecca E. Quinn, Deputy Attorneys General, hereby submits her Memorandum in Opposition to Plaintiff's Emergency Ex-parte Motion for Emergency Order to Show Cause and to Compel Attendance for Production of Documents and For Attorney's Fees and Costs filed on August 8, 2011. ("Motion to Compel")

## I. INTRODUCTION

Plaintiff, Orly Taitz, ("Plaintiff") contends that the original birth record of President Barack Obama ("President") is relevant to the underlying cause of action. As such, she prepared a subpoena to be issued out of the Hawai'i District Court to a non-party, Loretta Fuddy, Director of Health, State of Hawaii ("Director"), to produce the President's original birth certificate on August 8, 2011 for the purposes of inspecting and testing the document. Plaintiff sent the subpoena by certified mail to the Attorney General of Hawaii on July 11, 2011. On July 27, 2011, Plaintiff sent the Director a letter indicating that the subpoena had been sent to the Attorney General of Hawaii along with a copy of the

subpoena. Despite Plaintiff's failure to serve the subpoena in accordance with Fed.R.Civ.P. 45(b)(1), the Director, through her counsel, delivered written objections to Plaintiff pursuant to and within the time mandates of Fed.R.Civ.P. 45. In that letter, the Director's counsel addressed the manner of service and the merits of the subpoena. A true and correct copy of the letter written by the Director's counsel is attached as Exhibit "A" to the Declaration of Jill T. Nagamine ("Nagamine Decl.") filed herein.

Plaintiff appeared at the offices of the Department of Health on August 8, 2011 and demanded immediate access to the President's birth certificate. Keith Yamamoto Declaration ("Yamamoto Decl.") at ¶ 3. She was met by a designated representative of the Director of Health who was there to inform Plaintiff that she would not be given access to the President's original birth certificate. Yamamoto Decl. at ¶ 3 . Plaintiff was also asked if there was anything she wanted to serve on the Director or the Director's designee and Plaintiff said she did not, insisting that she had already served the subpoena. Yamamoto Decl. at ¶ 5 . Soon thereafter, Plaintiff filed the present Motion to Compel.

The Motion to Compel should be denied for the following reasons: First, Plaintiff failed to serve the subpoena in accordance with the clear requirements of Fed.R.Civ.P. 45 even when given the obvious opportunity; second, even if service of the subpoena is deemed valid, all vital statistics records, such as the President's

birth certificate, are protected by strict confidentiality requirements under Hawai'i state law; and third, the President's original birth certificate is irrelevant to the underlying lawsuit.

## II. ARGUMENT

### A. Plaintiff Failed to Serve the Subpoena Properly.

The subpoena at issue was not served in accordance with the clear requirements of Rule 45. Fed.R.Civ.P. 45(b)(1) governs the service of a subpoena to a non-party and provides that "[a]ny person who is at least 18 years old and not a party may serve a subpoena. Serving a subpoena requires delivering a copy to the named person…". A majority of the courts from various jurisdictions have literally interpreted the word "delivering" and have held that personal service of subpoenas is required. James Alexander v. California Department of Corrections, No. 08-2773, 2011 WL 1047647 at *6 (E.D.Cal. March 18, 2011). The ninth circuit has rarely addressed the issue, but does appear to follow this majority rule. Id. at *6. In addition, the leading treatises have noted that a majority of the courts require personal service of subpoenas duces tecum. Wright & Miller, 9A Fed. Prac. & Proc. Civ §2454 (3d ed.), 9 Moore's Fed. Prac. §45.21 (3d ed.2010).

Plaintiff maintains that the Director was served pursuant to Rule 45 and argues that the service of the subpoena on the Director was proper absent personal service. She cites to three cases to support her position. However, one of the cases

is inapplicable because it deals with the service of a complaint, rather than a subpoena, where the court concluded that service was sufficient under Fed.R.Civ.P. 4d(1). Hartford Fire Ins. Co. V. Perinovic, 152 F.R.D. 128, 130 (N.D. III.1993). The other case involved an individual who was evading service of a subpoena and the subpoena was eventually placed on the individual's windshield while she was backing out of a driveway. Abbot v. Kidder, Peabody & Co., 1997 WL 337228 (U.S.D.C. N.D. Ill. June 16, 1997). In Abbot, the court relied on the third case cited by Plaintiff wherein the court held that personal service of a subpoena was not required, but was forced to acknowledge that the majority of cases agree that service under Rule 45 of the Federal Rules of Civil Procedure must be done in person. King. v. Crown Plastering Corp., 170 F.R.D. 355, 356 (E.D. N.Y. 1997). The position relied on by Plaintiff is held by a minority of courts and there are no cases within our circuit that support Plaintiff's position.

Here, the Director was mailed the subpoena as an afterthought given that Plaintiff mistakenly believed sending it by certified mail to the Attorney General of Hawaii qualified as proper service.[1] A true and correct copy of the letter sent by Plaintiff to the Director is attached as Exhibit "B" to Nagamine Decl. Nonetheless, the Director specifically made herself amenable to personal service on August 8, 2011 and Plaintiff still failed to serve her properly. When Plaintiff failed to perfect

---

[1] The Practice Commentaries to Rule 45 state that "Service of the subpoena on a witness's attorney is not permissible, even if the attorney-client relationship is known, and this is so of individual as well as corporate subpoenas. Hence the effort must be made to serve the party.

service, she was given a letter that informed her that due to Plaintiff's failure to serve the Director and the law that protects disclosure of vital records, no inspection of the President's birth certificate would be allowed. Nagamine Decl. at Exhibit "A". Plaintiff's Motion to Compel should thus be denied due to Plaintiff's failure to follow the requirements of Fed.R.Civ.P. 45(b)(1).

B.   Hawaii State Law Prohibits Disclosure of Records sought by Plaintiff.

If the Court finds that the subpoena was properly served, Plaintiff's Motion to Compel should still be denied because Hawaii State law prohibits the disclosure of the records Plaintiff seeks. Vital statistics records, such as the President's birth certificate, are protected by strict confidentiality requirements under state law. Section 338-18, Hawaii Revised Statutes ("HRS"), prohibits disclosure of the records sought by the Subpoena to anyone without a direct and tangible interest. HRS §338-18(a) provides that:

> (a)   To protect the integrity of vital statistics records, to ensure their proper use, and to ensure the efficient and proper administration of the vital statistics system, **it shall be unlawful for any person to permit inspection of, or to disclose information contained in vital statistics records**, or to copy or issue a copy of all or part of any such record, except as authorized by this part or by rules adopted by the department of health.
> HRS §338-18(a) (emphasis added ).

Pursuant to HRS §338-18(b), there are thirteen enumerated categories of persons who have a direct and tangible interest in accessing public health statistics records. This section provides:

>   (b)   The department **shall not permit inspection of public health statistics records, or issue a certified copy of any such record or part thereof**, unless it is satisfied that the applicant has a direct and tangible interest in the record.  **The following persons shall be considered to have a direct and tangible interest in a public health statistics record**:
>
>   (1) The registrant;
>   (2) The spouse of the registrant;
>   (3) A parent of the registrant;
>   (4) A descendant of the registrant;
>   (5) A person having a common ancestor with the registrant;
>   (6) A legal guardian of the registrant;
>   (7) A person or agency acting on behalf of the registrant;
>   (8) A personal representative of the registrant's estate;
>   (9) A person whose right to inspect or obtain a certified copy of the record is established by an order of a court of competent jurisdiction;
>   (10) Adoptive parents who have filed a petition for adoption and who need to determine the death of one or more of the prospective adopted child's natural or legal parents;
>   (11) A person who needs to determine the marital status of a former spouse in order to determine the payment of alimony;
>   (12) A person who needs to determine the death of a nonrelated co-owner of property purchased under a joint tenancy agreement; and
>   (13) A person who needs a death certificate for the determination of payments under a credit insurance policy.

HRS §338-18(b) (emphasis added ).

The list of persons with a direct and tangible interest in vital statistics records is limited to the thirteen enumerated categories set forth in HRS §338-18(b).  Plaintiff is not in any of these categories.

The thirteen categories in section 338-18(b) of persons with a direct and tangible interest in the records are exclusive and Plaintiff does not allege that she is

a person in any of those categories, nor is she a person in any of those categories. She alleges nothing that indicates she might have such a right.

An Office of Information Practices ("OIP") Opinion from 1990, found at OIP Op. No 90-23, 1990 WL 482371 and attached as Exhibit "C" to Nagamine Decl. ("the Opinion"), interpreted the restricted access provisions of section 338-18, HRS, and its conclusions substantiate that the list in section 338-18(b) is an exclusive list.  The Opinion was in response to a person's request for open access to vital records for a genealogy project.  Its conclusion was that only those records over 75 years old were considered "open" records pursuant to the UIPA.  Other vital records, pursuant to section 338-18, HRS, were "closed or restricted by law." Although the language "direct and tangible" was not in the 1977 version of the statute that was being discussed in the opinion, it was mentioned as part of the Model Vital Statistics Act, which chapter 338, HRS, closely resembles.

> Thus, the 1977 Model Regulations, like the 1977 amendments to section 338-18(b), Hawaii Revised Statutes, enumerate a list of persons who have a special status in relation to a registrant, or by definition, have a "direct and tangible interest" in the registrant's vital statistic record.

OIP Op. No 90-23, 1990 WL 482371 at p. 4.

Part of the Opinion's conclusion was that for those records less than 75 years old, a person may inspect them "only if the DOH is satisfied that the person stands

in the spousal, familial, or other relation set forth in section 338-18(b), Hawaii Revised Statutes."  The legislative history was examined in the Opinion:

> First, the legislative history of the 1977 amendments establish [sic] that they were intended to clarify and codify the DOH's past practice and policy of restricting access to vital records to the person named in the vital record, their family members, or authorized agents or persons acting on their behalf. In a letter to the chairman of the House Health Committee dated February 16, 1977, the then Director of Health, in support of the 1977 amendments, stated:
>
>> There is frequently confusion and disagreement as to what constitutes a "direct and tangible interest" when deciding whether an individual has the right to receive a copy of a vital record. Present regulations and policy restrict issuance of certified copies of vital records to persons named on the record, family members, authorized agents or persons acting in their behalf.
>
> A Bill for an Act Relating to Vital Statistics Registration, Hearing on H.B. No. 202, before the House Health Committee, 9th Leg., Reg. Sess. (1977) (written testimony of George A.L. Yuen, Director of Health).

OIP Op. No 90-23, 1990 WL 482371 at p. 4-5.

In its conclusion, the Opinion stated:

We conclude that a person seeking to inspect a vital record relating to an event that occurred less than 75 years ago may inspect a vital record without demonstrating that the information is necessary for the determination of personal or property rights, only if the DOH is satisfied that the person stands in the spousal, familial, or other relation set forth in section 338-18(b), Hawaii Revised Statutes.  Conversely, if a person seeking to inspect or copy a vital record does not stand in the spousal, familial or other relation set forth in section 338-18(b), the person may inspect the record only if the Registrar is satisfied that the information is "necessary for the determination of personal or property rights." Whether a person seeking to inspect a vital record stands in the relation to the registrant required by section 338-18(b), Hawaii Revised Statutes, is left to the determination of the DOH. Similarly,

whether access to vital records is necessary to the determination of personal and property rights, must also be determined by the DOH.

OIP Op. No 90-23, 1990 WL 482371 at p. 7.

Other language in the 1977 statute seemed to require that the information requested must also be necessary for the determination of personal or property rights, but the Opinion concluded that would be a repugnant interpretation. See OIP Opinion 90-23, 1990 WL 482371.

In 1991, the Legislature of the State of Hawaii amended section 338-18, HRS, to restore the "direct and tangible interest" language, and remove the requirement that the information contained in the vital records to be released be necessary for the determination of personal or property rights in order to get the records. The Legislature gave no criteria beyond the categories on the list that could be used to show a direct and tangible interest in the record.

Because the explicit provisions of section 338-18 establish exactly who is entitled to access confidential vital records and because Plaintiff never claimed to have a direct and tangible interest in the President's birth certificate or an entitlement based on any of the provisions of section 338-18 the State is prohibited from disclosing to Plaintiff the records she seeks.

Furthermore, the State is not only prohibited from disclosing confidential vital records to Plaintiff, section 92F-17, HRS, makes it a criminal offense to do so if the disclosure is made with actual knowledge that it is prohibited.

> **[§92F-17] Criminal penalties.** (a) An officer or employee of an agency who intentionally discloses or provides a copy of a government record, or any confidential information explicitly described by specific confidentiality statutes, to any person or agency with actual knowledge that disclosure is prohibited, shall be guilty of a misdemeanor, unless a greater penalty is otherwise provided for by law.
>    (b) A person who intentionally gains access to or obtains a copy of a government record by false pretense, bribery, or theft, with actual knowledge that access is prohibited, or who intentionally obtains any confidential information by false pretense, bribery, or theft, with actual knowledge that it is prohibited [by] a confidentiality statute, shall be guilty of a misdemeanor.

HRS §92F-17.

Plaintiff seeks access to the President's original birth record, but she does not claim to have a direct and tangible interest in the record, nor does she have one. Plaintiff's Motion to Compel contains no allegations that Plaintiff is a person with a direct and tangible interest as required by HRS §338-18. Further, the Director and her counsel have been unable to discern that Plaintiff has any direct and tangible interest in the President's birth record from any of the documents that Plaintiff has sent to the Director. Therefore, the Plaintiff is not entitled to the record she seeks via her Subpoena.

    C.    <u>The Information Sought By Plaintiff is Irrelevant to the Underlying Lawsuit.</u>

Finally, the information sought by Plaintiff is irrelevant to the underlying lawsuit. Federal Rules of Civil Procedure Rule 26(b)(1) establishes the scope of discovery in federal civil cases.

> (1) *Scope in General.* Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any **nonprivileged** matter **that is relevant to any party's claim** or defense-- including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(C).

FRCP Rule 26(b)(1), emphasis added.

The Redacted Amended Complaint (Complaint) filed in this matter on June 14, 2011 seeks information from the Social Security Administration pertaining to an application for a social security number. While the rambling Complaint alludes to the President's birth certificate and Plaintiff's claims pertaining to it, along with other miscellaneous matters, the Plaintiff does not allege a connection between the application for the questioned social security number and the President's original birth certificate. Nor is there one. Moreover, as previously stated, the birth certificate is privileged and shall not be disclosed to anyone other than those who have a direct and tangible interest in it. Thus, Plaintiff's desire to inspect the original birth record of President Obama exceeds the scope of discovery in this case.

## III. CONCLUSION

The Director, by and through her attorneys, respectfully requests that this Honorable Court deny Plaintiff's Motion to Compel because Plaintiff failed to serve the subject subpoena in accordance with Fed.R.Civ.P. 45(b)(1), Plaintiff is not entitled to the information she seeks pursuant the HRS §338-18, and the information sought by Plaintiff is irrelevant to the underlying lawsuit.

DATED: Honolulu, Hawai'i, August 24, 2011.

        /s/Jill T. Nagamine
Heidi M. Rian
Jill T. Nagamine
Rebecca E. Quinn
Deputy Attorneys General
Attorneys for Loretta Fuddy, Director
of Health, State of Hawaii

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| ORLY TAITZ,<br><br>  Plaintiff,<br><br>vs.<br><br>MICHAEL ASTRUE,<br>Commissioner of the Social Security Administration,<br><br>  Defendant. | CIVIL NO.  1:11-cv-00519-SOM-RLP<br><br>CERTIFICATE OF SERVICE |

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 24, 2011, a true and correct copy of the foregoing was served electronically through CM/ECF on the following individuals:

Dr. Orly Taitz, Esq.
Attorney Pro Se
29839 Santa Margarita Pkwy, Ste. 211
Rancho Santa Margarita, CA  92688
Pro Se Plaintiff

Patrick Nemeroff, Esq.
Trial Attorney
United States Department of Justice
20 Massachusetts Avenue, NW Room 5381
Washington, DC 20001
Attorney for Defendant, Michael Astrue

**DATED:**  Honolulu, Hawaiʻi, August 24, 2011.

/s/Jill T. Nagamine
Deputy Attorney General
Attorney for Loretta Fuddy, Director of
Health, State of Hawaii