Westlaw.

1990 WL 482371 (Hawaii A.G.) Page 1

1990 WL 482371 (Hawaii A.G.)

Department of the Attorney General
Office of Information Practices
State of Hawaii

OIP Opinion Letter No. 90-23

June 28, 1990

Re: Public Inspection of Vital Statistic Records Maintained by the Department of Health

Ms. Blossom Kaonohi
P.O. Box 32
Hauula, Hawaii 96717

Dear Ms. Kaonohi:

This is in reply to your letter dated October 18, 1989, requesting an advisory opinion concerning your right to inspect vital statistic records maintained by the Department of Health, for the purpose of performing commercial genealogical research.

## ISSUE PRESENTED

Whether vital statistic records maintained by the Department of Health ("DOH") are government records which are subject to public inspection and copying under the Uniform Information Practices Act (Modified), chapter 92F, Hawaii Revised Statutes, ("UIPA").

## BRIEF ANSWER

Under the UIPA, agencies must disclose "[g]overnment records which, pursuant to ... a statute of this State, are expressly authorized to be disclosed to the individual requesting access." Haw.Rev.Stat. § 92F–12(b)(2) (Supp.1989). On the contrary, agencies are not required by the UIPA to disclose "[g]overnment records which, pursuant to state or federal law ... are protected from disclosure." Haw.Rev.Stat. § 92F–13(4) (Supp.1989).

Section 338-18, Hawaii Revised Statutes, expressly restricts access to vital statistic records. Specifically, a person may not inspect a particular vital statistic record unless the DOH is satisfied that such person is 'the registrant, the spouse of the registrant, parent of the registrant, a descendant of the registrant, a person having a common ancestor with the registrant, a person or agency acting on behalf of a registrnat, a personal representative of the registrant's estate ... and that the information contained therein is necessary for the determination of personal or property rights.' Haw. Rev. Stat. ss 338-18(b) (1985). It is not clear whether the word 'and' in section 338-18(b), Hawaii Revised Statutes, was intended to be used in the conjunctive sense by the Legislature.

Interpreting section 338-18, Hawaii Revised Statutes, consistently with the model legislation upon which it was based and the legislative history of the 1977 amendments to this section, and avoiding a construction which

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.


EXHIBIT C

1990 WL 482371 (Hawaii A.G.) Page 2

would produce unreasonable results, we conclude that the word 'and' was intended to be used disjunctively. Specifically, we conclude that as long as the DOH is satisfied that the person seeking to inspect and copy a particular vital statistic record stands in the required relationship to the registrant, that person need not also establish that the information is 'necessary for the determination of personal or property rights.'

Further, insofar as section 338-18(b), Hawaii Revised Statutes, permits the descendant of a registrant to inspect that registrant's vital records, in our opinion 'a person or agency acting on behalf of' a descendant of a registrant may inspect that registrant's vital records. Those who don't stand in the relationship to the registrant required by section 338-18(b), Hawaii Revised Statutes, may inspect a particular vital statistic record if the DOH is satisfied that the information is 'necessary for the determination of personal or property rights.' Whether one stands in the relationship required by section 338-18(b), Hawaii Revised Statutes, is left to the determination of the DOH, not the Office of Information Practices ('OIP'). Similarly, whether the information is 'necessary for the determination of personal or property rights' must also be determined by the DOH, not the OIP.

However, if the vital event reflected in the records occurred more than 75 years ago, any person may inspect that vital record under section 338-18(e), Hawaii Revised Statutes. Similarly, index data concerning vital events may also be inspected without the showing required by section 338-18(b), Hawaii Revised Statutes, by virtue of section 338-18(d), Hawaii Revised Statutes.

## FACTS

Pursuant to chapter 338, Hawaii Revised Statutes, the DOH's, Research and Statistics Office, Vital Records Section, compiles, maintains, and preserves "public health statistics." Public health statistics "includes the registration, preparation, transcription, collection, compilation, and preservation of data pertaining to births, adoptions, legitimations, deaths, fetal deaths, morbidity, marital status, and data incident thereto." Haw.Rev.Stat. § 338–1 (1985). The DOH's vital records for the City and County of Honolulu date as far back as the year 1865.

You have requested an advisory opinion concerning your right to inspect and copy vital statistic records, incident to the performance of genealogical research on a commercial basis.

## DISCUSSION

The UIPA, the State's new public records law, provides that "[a]ll government records are open to public inspection unless access is closed or restricted by law." Haw.Rev.Stat. § 92F–11(a) (Supp.1989). This general rule of agency disclosure also reflects a legislative intention that specific statutes which restrict or grant access to government records control over the UIPA's general access provisions. Thus, the UIPA does not require agencies to disclose "[g]overnment records which, pursuant to state or federal law ... are protected from disclosure." Haw.Rev.Stat. § 92F–13(4) (Supp.1989). Similarly, the UIPA requires the disclosure of "[g]overnment records which, pursuant to ... a statute of this State, are expressly authorized to be disclosed to the individual requesting access." Haw.Rev.Stat. § 92F–12(b)(2). Therefore, an examination of chapter 338, Hawaii Revised Statutes, is necessary to determine whether access to vital statistic records is closed or restricted by statute, or whether these government records are expressly authorized to be disclosed.

*2 First, we note at the outset that the original birth certificates of persons who were born out of wedlock, or who have been adopted, are sealed by the DOH and public access to such records must be by order of a court of record. See Haw.Rev.Stat. §§ 338–20, 338–20.5, 338–21 (1985 & Supp.1989).

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

1990 WL 482371 (Hawaii A.G.) Page 3

With respect to vital records which are not "sealed," section 338–18, Hawaii Revised Statutes, expressly restricts access to vital statistic records, while at the same time, expressly authorizes the disclosure of such records to those with a particular status. Section 338–18, Hawaii Revised Statutes, states:

> § 338–18 Disclosure of records. (a) To protect the integrity of vital statistics records, to insure their proper use, and to insure the efficient and proper administration of the vital statistics system, it shall be unlawful for any person to permit inspection of, or to disclose information contained in vital statistics records, or to copy or issue a copy of all or part of any such record, except as authorized by this part, or by such regulation as the department of health may make.
> (b) The department shall not permit inspection of the records, or issue a certified copy of a certificate, or part thereof, unless it is satisfied that the applicant therefor is the registrant, the spouse of the registrant, parent of the registrant, a descendant of the registrant, a person having a common ancestor with the registrant, a legal guardian of the registrant, a person or agency acting on behalf of the registrant, a personal representative of the registrant's estate, or by order of a court of competent jurisdiction, and that the information contained therein is necessary for the determination of personal or property rights.
> (c) The department may permit the use of data contained in public health statistical records for research purposes only, but no identifying use thereof shall be made.
> (d) Index data consisting of name, age, and sex of the registrant and date, type and file number of the vital event and such other data as the director may authorize may be made available to the public.
> (e) The department may permit persons working on genealogy projects access to microfilm or other copies of vital records of events that occurred more than seventy-five years prior to the current year.
> (f) Subject to this section, the department may direct its local agents to make a return upon filing of birth, death, and fetal death certificates with them, of certain data shown thereon to federal, state, territorial, county, or municipal agencies. Payment by such agencies for such services may be made as the department shall direct. [Emphases added.]

By use of the word "and" in section 338–18(b), Hawaii Revised Statutes, the statute, on its face, appears to require that the DOH be satisfied that the information is "necessary for the determination of personal or property rights," before anyone may inspect a particular vital statistic record. Examination of the legislative history of section 338–18, Hawaii Revised Statutes, may therefore be useful in arriving at the legislative intent behind the provisions of this statute. Further, such an examination is essential in light of section 1–18, Hawaii Revised Statutes, which states that in interpreting a statute, "[e]ach of the terms 'or' and 'and' has the meaning of the other or of both."

*3 Although "registrant" is not defined by chapter 338, Hawaii Revised Statutes, it is apparent from the DOH's statutory duty to register births, adoptions, deaths, and marriages, that a registrant is the person referred to in a certificate relating to a vital event. Section 338–18(b), Hawaii Revised Statutes, quoted above, specifically lists those persons who may inspect vital records relating to births, marriages, and deaths. The legislative history of section 338–18(b), Hawaii Revised Statutes, establishes that this list of persons who may inspect vital records was added by the Legislature in 1977. See Act approved May 31, 1977, ch. 118, 1977 Haw.Sess.Laws 218. Before the adoption of Act 118, a person who wished to inspect vital statistic records had to establish that they had "a direct and tangible interest in the matter recorded, and that the information contained therein is necessary for the determination of personal or property rights." Haw.Rev.Stat. § 338–18(c) (1976). The legislative committee reports concerning Act 118 illustrate that the removal of the "direct and tangible interest" requirement, and its replacement with a specific list of those eligible to inspect vital records, was done with the intention of clarifying the law:

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

> Your committee agrees that defining the persons to whom inspection or issuance of copies of certificates may be made is desirable in view of the problems involved with interpreting who are persons who have "direct and tangible interest" as required under present law.

H.R.Stand.Comm.Rep. No. 567, 9th Leg., 1977 Reg.Sess., Haw.H.J. 1551 (1977); S.Stand.Comm.Rep. No. 601, 9th Leg., 1977 Reg.Sess., Haw.S.J. 1112 (1977) (emphasis added).

Chapter 338, Hawaii Revised Statutes, was enacted in 1949 and is modeled after the Uniform Vital Statistics Act ("Uniform Act") drafted and adopted by the National Conference of Commissioners on Uniform State Laws in 1929. [FN1] Section 23(3) of the Uniform Act stated:

> The state registrar shall not permit inspection of the records or issue a certified copy of a certificate or part thereof unless he is satisfied that the applicant therefor has a direct interest in the matter recorded and that the information therein contained is necessary for the determination of personal or property rights. [Emphasis added.]

In 1966, the Uniform Act was withdrawn, having become obsolete. See Handbook of the National Conference of Commissioners on Uniform State Laws 425, 428 (1966). The Prefatory Note to the Uniform Act did not indicate what "direct interest" or "necessary to the determination of personal or property rights" meant.

It is also of interest to note that section 338-18, Hawaii Revised Statutes, closely resembles sections 24 and 25(1) of the Model Vital Statistics Act [FN2] ("Model Act") drafted by the National Center for Health Statistics, and approved by the Council of State Governments, through its Committee on Suggested State Legislation. Versions of this Model Act date as far back as 1907. Most recently, revisions to the Model Act were adopted in 1977. According to the Council of State Governments, the Model Act was intended to replace the 1942 Uniform Vital Statistics Act. See Suggested State Legislation 109 (1961).

*4 Section 25(1) of the Model Act reads in pertinent part:

> Section 25. [Copies or Data from the System of Vital Statistics.] In accordance with Section 24 and the regulations adopted pursuant thereto:
> (1) The state registrar [and other custodian(s) of vital records authorized by the state registrar to issue certified copies] shall upon receipt of a written application issue a certified copy of a vital record in his or her custody or a part thereof to any applicant having a direct and tangible interest in the vital record.... [Emphases added.]

The Committee on Suggested State Legislation, during the same year that section 338-18(b), Hawaii Revised Statutes, was amended, also drafted Model State Vital Statistic Regulations to help interpret and apply the Model Act. With respect to the disclosure of vital statistic records, Regulation 12 provides:

> (a) To protect the integrity of vital records:
> (1) The state registrar or other custodians of vital records shall not permit inspection of, or disclose information contained in vital statistic records, or copy or issue a copy of all or part of any such record unless he or she is satisfied that the applicant has a direct and tangible interest in such record.
> (i) The registrant, a member of his or her immediate family, his or her guardian, or their respective legal representatives shall be considered to have a direct and tangible interest. Others may demonstrate a direct and tangible interest when information is needed for determination or protection of a personal or property right.... [Emphases added.]

Thus, the 1977 Model Regulations, like the 1977 amendments to section 338-18(b), Hawaii Revised Statutes, enumerate a list of persons who have a special status in relation to a registrant, or by definition, have a "direct

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

OIP Op. No 90-23, 1990 WL 482371 and attached as Exhibit "C" to Nagamine Decl. ("the Opinion"), interpreted the restricted access provisions of section 338-18, HRS, and its conclusions substantiate that the list in section 338-18(b) is an exclusive list. The Opinion was in response to a person's request for open access to vital records for a genealogy project. Its conclusion was that only those records over 75 years old were considered "open" records pursuant to the UIPA. Other vital records, pursuant to section 338-18, HRS, were "closed or restricted by law." Although the language "direct and tangible" was not in the 1977 version of the statute that was being discussed in the opinion, it was mentioned as part of the Model Vital Statistics Act, which chapter 338, HRS, closely resembles.

> Thus, the 1977 Model Regulations, like the 1977 amendments to section 338-18(b), Hawaii Revised Statutes, enumerate a list of persons who have a special status in relation to a registrant, or by definition, have a "direct and tangible interest" in the registrant's vital statistic record.

OIP Op. No 90-23, 1990 WL 482371 at p. (5.) 4

Part of the Opinion's conclusion was that for those records less than 75 years old, a person may inspect them "only if the DOH is satisfied that the person stands in the spousal, familial, or other relation set forth in section 338-18(b), Hawaii Revised Statutes." The legislative history was examined in the Opinion:

> First, the legislative history of the 1977 amendments establish [sic] that they were intended to clarify and codify the DOH's past practice and policy of restricting access to vital records to the person named in the vital record, their family members, or authorized agents or persons acting on their behalf.

and tangible interest" in the registrant's vital statistic record. However, under the Model Act, and its accompanying regulations, others who do not stand in a specific relation to the registrant may inspect vital statistic records if necessary for the "determination or protection of a personal or property right." However, as discussed earlier in this opinion, in its 1977 amendments to section 338–18(b), Hawaii Revised Statutes, the Legislature left undisturbed the statute's apparent requirement that the DOH be satisfied that information sought to be inspected is "necessary for the determination of personal or property rights."

We believe that a construction of the word "and" used in section 338–18(b), Hawaii Revised Statutes, to mean "or" best comports the statute's context, its reason and spirit, and the current administrative application of this statute by the DOH. Further, as set forth below, a conclusion that "and" in section 338–18, Hawaii Revised Statutes, is used conjunctively would produce unreasonable results. First, the legislative history of the 1977 amendments establish that they were intended to clarify and codify the DOH's past practice and policy of restricting access to vital records to the person named in the vital record, their family members, or authorized agents or persons acting on their behalf. In a letter to the chairman of the House Health Committee dated February 16, 1977, the then Director of Health, in support of the 1977 amendments, stated:

> *5 There is frequently confusion and disagreement as to what constitutes a "direct and tangible interest" when deciding whether an individual has the right to receive a copy of a vital record. Present regulations and policy restrict issuance of certified copies of vital records to persons named on the record, family members, authorized agents or persons acting in their behalf.

A Bill for an Act Relating to Vital Statistics Registration, Hearing on H.B. No. 202, before the House Health Committee, 9th Leg., Reg.Sess. (1977) (written testimony of George A.L. Yuen, Director of Health) (emphasis added).

Similarly, the legislative committee reports to the 1977 amendments to section 338–18, Hawaii Revised Statutes , establish that like the 1977 Model Regulations, the amendment was intended to define "the persons to whom inspection or issuance of copies of certificates may be made." Additionally, chapter 338, Hawaii Revised Statutes, is substantially patterned upon the Uniform and Model Acts of 1949 and 1959. Section 1-24, Hawaii Revised Statutes, declares that "[a]ll provisions of uniform acts adopted by the State shall be so interpreted and construed as to effectuate their general purpose to make uniform the laws of the states and territories which enact them." Requiring those who stand in the requisite legal or familial relation to the registrant to show, in addition, that the information is necessary for the determination of personal or property rights, would be repugnant to the intention of the drafters of the Model Act that only persons who do not stand in that relation must make such a showing. See Model Regulation No. 12(a)(1)(i). Upon the enactment of an act patterned after model legislation, the intention of the drafters of the uniform act becomes the intention of the Legislature. See Mohs v. Aetna Casualty & Surety Co., 349 N.W.2d 580 (Minn.1984); 2A Sands Sutherland Statutory Construction § 52.05 (1984 rev. ed. & 1989 Supp.).

Lastly, were we to construe the use of the word "and" in section 338–18(b), Hawaii Revised Statutes, to be used in the conjunctive sense, the statute would produce unreasonable results. For example, the beneficiary under a life insurance policy who is totally unrelated to the person insured by the policy, would not be permitted to obtain a copy of the insured's death certificate without court order, even though the certificate is necessary for the determination of the beneficiary's property rights. Nor, under these circumstances, would the life insurance company be authorized to obtain a certified death certificate, it standing in no spousal or familial relation to the deceased registrant. Similarly, a person who is divorced would not be permitted to inspect and copy a certificate relating to their former spouse's remarriage, because that person is no longer the "spouse of the registrant," even though a copy of the certificate may be necessary to prove that spousal support should be terminated, a determ-

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

1990 WL 482371 (Hawaii A.G.) Page 6

ination of a property right.

*6 Accordingly, we conclude that if the person seeking a copy of a particular vital record is "the registrant, the spouse of the registrant, parent of the registrant, a descendant of the registrant, a person having a common ancestor with the registrant, a legal guardian of the registrant, a person or agency acting on behalf of the registrant, or a personal representative of the registrant's estate," they may inspect and copy the registrant's vital record without satisfying the Registrar that the information is "necessary for the determination of personal or property rights." Others, we conclude, may inspect or copy a vital record when the Registrar is satisfied that the information contained therein is "necessary for the determination of personal or property rights." However, whether a person who wishes to inspect a vital record is "the registrant, the spouse of the registrant, a descendant of the registrant," or other person referred to in section 338–18(b), Hawaii Revised Statutes, is left to the determination of the DOH, not the OIP. Similarly, whether the inspection of a vital record "is necessary for the determination of personal property rights" must also be determined by the DOH.

In turning to the question presented, a literal reading of section 338–18(b), Hawaii Revised Statutes, would not appear to permit third party access to vital records for geneological research, unless access is "necessary to the determination of personal or property rights." Specifically, while the first clause of subsection (b) permits "a person or agency acting on behalf of the registrant" to inspect the registrant's vital record, it does not expressly permit such person or agency to inspect the vital records of the registrant's ancestors. It is a cardinal rule of statutory construction that a literal application of a statute should not be chosen where to do so would produce an absurd or unjust result and would be clearly inconsistent with the purposes and policies of the statute. Sherman v. Sawyer, 63 Haw. 55, 621 P.2d 346 (1980). Therefore, we believe that if a descendant of the registrant can inspect the registrant's vital records, a person or agency acting on behalf of the descendant should have access too.

An additional examination of section 338–18, Hawaii Revised Statutes', provisions relating to the inspection of index data would be instructive. Subsection (d) of section 338–18, Hawaii Revised Statutes, provides:
> (d) Index data consisting of name, age, and sex of the registrant and date, type, and file number of the vital event and such other data as the director may authorize may be made available to the public.

This subsection was created by the Legislature as part of the 1977 amendments to section 338–18, Hawaii Revised Statutes. The legislative history of these amendments indicates that this language was added to facilitate genealogical research:
> Your Committee also recognized requests for information concerning vital events, especially for genealogy purposes.
> *7 As a result, the bill allows the department to provide a data index to be made available to the public in order to accommodate these requests.

H.R.Stand.Comm.Rep. No. 230, 9th Leg., 1977 Reg.Sess., Haw.H.J. 1386 (1977). Thus, notwithstanding the language of section 338–18(c), Hawaii Revised Statutes, which permits the use of vital records data for research purposes if "no identifying use" is made, subsection (d) permits the DOH to make index data available to the public. Consistent with the provisions of subsection 338–18(d), Hawaii Revised Statutes, the DOH should continue its present practice of making these indices public.

Lastly, consistent with the provisions of the Model Act, subsection 338–18(e), Hawaii Revised Statutes, provides that records of vital events that occurred more than 75 years ago may be inspected and copied for genealogy projects, without the showing required by subsection 338–18(b), Hawaii Revised Statutes. Thus, persons totally unrelated to the registrant may inspect records of vital events that occurred more than 75 years ago, without a showing that the information is "necessary for the determination of personal or property rights."

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

CONCLUSION

We conclude that a person seeking to inspect a vital record relating to an event that occurred less than 75 years ago may inspect a vital record without demonstrating that the information is necessary for the determination of personal or property rights, only if the DOH is satisfied that the person stands in the spousal, familial, or other relation set forth in section 338–18(b), Hawaii Revised Statutes. Conversely, if a person seeking to inspect or copy a vital record does not stand in the spousal, familial or other relation set forth in section 338–18(b), the person may inspect the record only if the Registrar is satisfied that the information is "necessary for the determination of personal or property rights." Whether a person seeking to inspect a vital record stands in the relation to the registrant required by section 338–18(b), Hawaii Revised Statutes, is left to the determination of the DOH. Similarly, whether access to vital records is necessary to the determination of personal and property rights, must also be determined by the DOH.

However, records of vital events which occurred more than 75 years ago, and index information concerning vital events, are open to inspection by the general public, since access to these records is neither "closed or restricted by law." Haw.Rev.Stat. § 92s 11(a) (Supp. 1989).

Very truly yours

Hugh R. Jones
Staff Attorney

APPROVED:

Kathleen A. Callaghan
Director

[FN1] See H.R.Stand.Comm.Rep. No. 820, 25th Terr.Leg., 1949 Reg.Sess., Haw.H.J. 2026, 2027 (1949) ("The bill is patterned after a uniform code in force in many states").

[FN2] Section 24 of the Model Act, as revised, reads:
> Section 24. [Disclosure of Information from Vital Records.] (a) To protect the integrity of vital records, to ensure their proper use, and to ensure the efficient and proper administration of the system of vital statistics, it shall be unlawful for any person to permit inspection of, or to disclose information contained in vital records, or copy or issue a copy of all or part of any such record except as authorized by this act and by regulation or by order of [court of competent jurisdiction]. Regulations adopted under this section shall provide for adequate standards of security and confidentiality of vital records.
> (b) The state agency may authorize by regulation the disclosure of information contained in vital records for research purposes.
> (c) Appeals from decisions of custodians of vital records, as designated under authority of Section 6(b), who refuse to disclose information, or to permit inspection or copying of records as prescribed by this section and regulations issued hereunder, shall be made to the state registrar whose decisions shall be binding upon such custodians.
> (d) When 100 years have elapsed after the date of birth, or 50 years have elapsed after the date of death, marriage, or [divorce, dissolution of marriage, or annulment], the records of these events in the custody of the state registrar shall become public records and information shall be made available in accordance with regulations which shall provide for the continued safekeeping of the records.

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

1990 WL 482371 (Hawaii A.G.)                                                                                          Page 8

1990 WL 482371 (Hawaii A.G.)

END OF DOCUMENT

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.